W. R. MELLOR v. WILLIAM MCCONNELL.

FILED FEBRUARY 22, 1906. No. 14,161.

Pleading: REPLY. A plaintiff may plead in his reply new matter not inconsistent with his petition and contradictory to or supplementary of facts pleaded as a defense in the answer.

ERROR to the district court for Merrick county: JAMES G. REEDER, JUDGE. *Reversed.*

*W. T. Thompson* and *J. W. Long,* for plaintiff in error.

*John C. Martin* and *W. F. Critchfield,* contra.

AMES, C.

On the 25th day of October, 1902, McConnell executed and delivered to Mellor an ordinary bank check for the sum of $700 payable to the latter on demand. At the same time Mellor signed and delivered to McConnell a receipt in the following words: "Loup City, Oct. 23d, 1902. Received of William McConnell check for seven hundred dollars as earnest to pay the total sum of seventy-six hundred dollars ($7,600) by April 1st, 1903, on the purchase of the southwest quarter of section 33, the S. $\frac{1}{2}$ S. E. $\frac{1}{4}$ and S. E. $\frac{1}{4}$ S. W. $\frac{1}{4}$ sec. 32, all in town 16, range 15, and the E. $\frac{1}{2}$ section 5, town 15, range 15, all in Sherman county, Nebraska, subject to approval by owners of said lands." On the 13th day of November following its date, the check was presented for payment to the bank upon which it was drawn, and payment refused for want of funds, and on the following 5th of December payment on it was demanded of the drawer and also refused. In January, 1903, this action was begun by Mellor against McConnell by a petition, as afterwards amended, setting forth the foregoing facts and further alleging that the plaintiff had obtained the approval of the owners of all the lands mentioned in the receipt. The answer pleaded as a defense the following facts: That at the time the papers were exchanged the defendant had applied for the purchase of land to the plaintiff, who was a real estate agent at Loup City, and who represented himself as agent for the sale of the lands mentioned in the receipt, and that it was part of the agreement and transaction in which the exchange was made that the check should be used only in case the defendant should purchase through the plaintiff, as agent, the lands mentioned in the receipt, and the plaintiff should procure satisfactory written contracts of sale from such

owners within one week after October 23, 1902, in which event the money represented by the check should be applied in part payment of the purchase price, but that otherwise the check should be returned unused to the defendant. It was further pleaded that the plaintiff had failed to procure such contracts within the time specified, and that by reason of such failure the consideration for the check had wholly failed.

To this answer the plaintiff, in the first instance, filed a reply consisting of a general denial of new matter, but he subsequently asked leave to withdraw the same and file an amended reply in which he sought to plead specifically that it was a part of the agreement that the check should be paid immediately upon the securing, by the plaintiff, of the approval of the owners of the lands to the sale thereof, and that in reliance upon said agreement the plaintiff had, upon procuring contracts from such owners, advanced to them $450 of his own money. The motion for leave to amend was denied. We think this ruling was erroneous. The new matter offered to be pleaded is not inconsistent with the petition, and it tends to supplement as well as to contradict the account of the oral agreements and understandings pleaded in the answer.

There was a trial at which the plaintiff's version of the transaction, except so much thereof as was recited in the proposed amended reply, was testified to, and in which it was also testified that the plaintiff procured contracts executed by the landowners and tendered them to the defendant for execution by him before an attempt was made to negotiate or collect the check, and that the defendant repudiated his agreement and refused to examine and approve or disapprove the contracts, and that the plaintiff was himself the owner of one quarter section of the land, which he was and at all times had been ready and willing to convey, or contract to convey, pursuant to the agreement. At the conclusion of the plaintiff's testimony the court instructed a verdict for the defendant, and the plaintiff prosecutes error.

Mellor v McConnell.

We think there is no merit in the contention of the defendant in error that the agreement between himself and the plaintiff was void under the statute of frauds, and that it is a matter of no significance that the plaintiff was the owner of a quarter section of the land. The defendant, as it appears, was desirous of purchasing a quantity of 640 acres of land lying in a body, and undertook, by means of the check, to entrust the plaintiff with a fund with the use of which the latter was authorized to procure valid contracts for the conveyance of the lands to the defendant for a specified aggregate price, toward the payment of which the amount of the check was to be ultimately applied. That is a contract, and, if the plaintiff has in good faith performed his part of it, he is entitled, at the least, to be reimbursed to the extent of the amount of the check for the moneys he has expended in the undertaking. Whether the defendant could have been compelled to execute the contracts, or accept conveyances of the land and pay the purchase price, or obligate himself so to do, are questions, we think, quite foreign to this record and which we do not undertake to decide.

It is recommended that the judgment of the district court court be reversed and a new trial granted, with leave to the parties to amend their pleadings.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted, with leave to the parties to amend their pleadings.

REVERSED.